■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH DONNELLY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 27, 1972, convicting him of criminal possession of weapons and dangerous instruments and appliances as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. In a one-count indictment, defendant was charged with felonious possession of a loaded pistol. At the trial, one of the prosecution's witnesses, a detective, produced during cross-examination an "unusual occurrence" report which he had prepared as a result of defendant's arrest. This report concededly contained an entry contradicting a portion of the detective's testimony. The report also contained a reference to the fact that defendant was then wanted in connection with a homicide. Upon learning after trial that the report contained the homicide reference, defense counsel moved for a new trial. Although recognizing that the admission into evidence of the homicide entry would otherwise constitute reversible error (*People* v. *Molineux*, 168 N. Y. 264, 291–293), the trial court denied the motion on the ground that defense counsel had introduced the report. We do not believe that the ground relied on by the trial court warranted admission of the report in evidence. Having previously been in possession of the questioned report, and having had adequate opportunity to inspect it, it is reasonable to conclude that the prosecutor knew that it contained incompetent evidentiary material. We believe that the prosecutor's proposal, namely, "There is no objection. You can offer it in evidence", induced defense counsel to offer into evidence the report previously only marked for identification. In view of the foregoing, and in the interests of justice, we hold that its introduction into evidence should not be attributed to defendant (cf. *People* v. *Roth*, 11 N Y 2d 80). Therefore, the motion for a new trial should have been granted. There is an additional ground which requires a new trial. The fact that the officers who took defendant into custody for possession of the firearm were charged with the function of investigating organized crime was stressed by the prosecution. The officer who filled out the "unusual occurrence" report, upon questioning by the prosecution, testified as to the circumstances which would cause such a report to be

made; however, none of the described circumstances explained why such a report was made in a possession-of-firearm arrest, leaving the jury to speculate on the exact reason. Finally, during the course of his summation, the prosecutor emphasized the fact that a testifying detective had come from another part of the city in order to apprehend defendant. The prosecutor also alluded to a secret investigation that had been undertaken prior to defendant's arrest. Coupled with the prior references regarding organized crime, these statements could only have been meant to create the inference that the charge against defendant was related to his involvement with organized crime. The cumulative effect of these prosecutorial efforts served to deprive defendant of a fair trial. We have considered defendant's other contentions and find them to be without merit. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.